# EXHIBIT C

## AFFIDAVIT OF MEGHAN P. CARTER

1. I am an attorney at Legal Council for Health Justice.
2. On February 8, 2018, attorney Caroline Chapman and I sent a letter under the Illinois Freedom of Information Act (FOIA) requesting a copy of the May 1980 consent decree entered in *Cohen v. Quern* ("the FOIA Request"). A true and correct copy of the FOIA Request is attached hereto as Exhibit 1.
3. Specifically, the FOIA Request sought "[a] copy of the order dated May 28, 1980 or May 30, 1980, entered in *Sam Cohen, by his next friend Sidney Cohen v. Arthur Quern, Patrick Kain, and the Illinois Department of Public Aid* (also titled *Cohen v. Quern, Cohen v. Miller*, or *Cohen v. Wright*), case number 79 C 2447 in U.S. District Court for the Northern District of Illinois." *Id.*
4. I attached a PDF of the FOIA Request, titled "FOIA Request 02.08.18.pdf", to an email. I sent the email to the FOIA Officer for the Illinois Department of Healthcare and Family Services at hfs.foia@illinois.gov and the FOIA Officer for the Illinois Department of Human Services at DHS.FOIAOfficer@illinois.gov. These are the email addresses listed on the respective department's FOIA pages. A true and correct copy of the email attaching the FOIA Request is attached hereto as Exhibit 2.
5. On February 15, 2018, I received an email from DHS.FOIAOfficer@illinois.gov, the FOIA Officer for the Department of Human Services. The email contained a message in the body of the email and a PDF attachment titled "FOIA 18-0123-Chapman-Response.pdf".
6. The email body stated that the email was sent in response to the FOIA Request. The email body states "Attached is an unsigned copy of the court order which is the only document that IDHS has that responds to your request." *Id.* A true and correct copy of the email is attached hereto as Exhibit 3.
7. The PDF attached to the email, titled "FOIA 18-0123-Chapman-Response.pdf," is an 8-page document with handwriting at the top that states "5/30/80??". A true and correct copy of the PDF is attached hereto as Exhibit 4.

Under 28 U.S.C. § 1746, I verify under penalty of perjury that the foregoing is true and correct.

_____
Signature

5·2·18
Date

# LEGAL COUNCIL
## FOR HEALTH JUSTICE

AIDS LEGAL COUNCIL
HOMELESS OUTREACH PROJECT
CHICAGO MEDICAL-LEGAL PARTNERSHIP FOR CHILDREN

February 8, 2018

Kyong Lee
Kiran Mehta
Illinois Department of Healthcare and Family Services FOIA Officers
201 S. Grand Ave. E., 3rd floor
Springfield, IL 62763
Email: hfs.foia@illinois.gov

FOIA Officer
Office of the General Counsel
Illinois Department of Human Services
100 W. Randolph Street, Ste. 6-400
Chicago, IL 60601
Email: DHS.FOIAOfficer@illinois.gov

*Via Electronic Mail Only*

RE: Freedom of Information Act Request

Dear Officers:

I write pursuant to the Illinois Freedom of Information Act, 5 ILCS 140/1 et seq., to request the following:

> A copy of the order dated May 28, 1980 or May 30, 1980, entered in *Sam Cohen, by his next friend Sidney Cohen v. Arthur Quern, Patrick Kain, and the Illinois Department of Public Aid* (also titled *Cohen v. Quern, Cohen v. Miller,* or *Cohen v. Wright*), case number 79 C 2447 in U.S. District Court for the Northern District of Illinois.

Legal Council for Health Justice requests that all fees for copying of the requested record be waived pursuant to 5 ILCS 140/6(c). We intend to disseminate the information received in response to this FOIA request to the public. The requested information will not provide a commercial benefit and is in the public interest. We request your response within five working days in compliance with 5 ILCS 140/3(d).

Thank you for your assistance in this matter.

Sincerely,

/s/ Caroline Chapman

Caroline Chapman
Attorney at Law
Legal Council for Health Justice
17 N. State Street, Suite 900
Chicago, IL 60602
312-605-1981
cchapman@legalcouncil.org



**Meghan Carter**

| | |
|---|---|
| **From:** | Meghan Carter |
| **Sent:** | Thursday, February 8, 2018 9:19 AM |
| **To:** | 'hfs.foia@illinois.gov'; 'DHS.FOIAOfficer@illinois.gov' |
| **Cc:** | Carrie Chapman |
| **Subject:** | FOIA Request |
| **Attachments:** | FOIA Request 02.08.18.pdf |

Please see the attached FOIA request. Thank you for your attention to this matter.

**Meghan P. Carter**, Staff Attorney
Legal Council for Health Justice
17 N. State, Suite 900
Chicago, IL 60602
Office: 312-605-1979 | Fax: 312-427-8419
mcarter@legalcouncil.org | www.legalcouncil.org | @thelegalcouncil
*We use the power of the law to secure dignity, opportunity, and well-being for people facing illness or disability.*

*4th Annual*
**May Ball**
**Saturday, May 5, 2018**
*1458 W. Monroe St., Chicago*

1

**EXHIBIT 2** (tabbies)

# Meghan Carter

| | |
|---|---|
| **From:** | DHS.FOIAOfficer <DHS.FOIAOfficer@illinois.gov> |
| **Sent:** | Thursday, February 15, 2018 1:26 PM |
| **To:** | Meghan Carter |
| **Cc:** | DHS.FOIAOfficer |
| **Subject:** | FOIA 18-0123, Chapman-Response |
| **Attachments:** | FOIA 18-0123-Chapman-Response.pdf |

Dear Ms. Chapman,

This correspondence is in response to your request for public records pursuant to the Freedom of Information Act (FOIA), which the Illinois Department of Human Services (IDHS) received on February 8, 2018. Your request seeks the following:

> "A copy of the order dated May 28, 1980 or May 30, 1980, entered in Sam Cohen, by his next friend Sidney Cohen v. Arthur Quern, Patrick Kain, and the Illinois Department of Public Aid (also titled Cohen v. Quern, Cohen v. Miller, or Cohen v. Wright), case number 79 C 2447 in U.S. District Court for the Northern District of Illinois."

Attached is an unsigned copy of the court order which is the only document that IDHS has that responds to your request. To the extent you consider any portion of this response to be an improper denial of your FOIA request, you have a right to seek review by writing to the Public Access Counselor (PAC) at the following address:

Public Access Counselor
Office of the Attorney General
500 South 2nd Street
Springfield, Illinois 62706
Fax: 217-782-1396
E-Mail: publicaccess@atg.state.il.us

If you choose to file a Request for Review with the PAC, you must do so within 60 calendar days of the date of this letter. 5 ILCS 140/9.5(a). Please note that you must include a copy of your original FOIA request and this response when filing a Request for Review with the PAC. You also have the right to seek judicial review of this response. 5 ILCS 140/11.

Thank you for your interest in the Illinois Department of Human Services.

Sincerely,
FOIA Officer
Illinois Department of Human Services

CONFIDENTIALITY NOTICE:

This electronic mail transmission, including any attachments, contains information that belongs to the sender and may be confidential or protected by attorney-client or attorney work product privilege. The information is only for the intended recipient. If you are not the named or intended recipient, please do not disclose, copy, distribute or use this information. If you have received this information in error, please promptly notify the sender of receipt of the e-mail and then destroy all copies of it. Receipt by unintended recipient does not waive any privilege or any exemption from disclosure. Any prohibited or unintended disclosure is not binding on the sender or IDHS. Thank you.



EXHIBIT 3

State of Illinois - CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.

5/30/80 ??

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SAM COHEN, by his next friend, )
SIDNEY COHEN, on behalf of )
himself and all others similarly )
situated, )
 )
 Plaintiffs, )
 )
 v. ) No. 79 C 2447
 )
JEFFREY MILLER, individually and )
as Director of the Illinois De- )
partment of Public Aid; PETER )
BLOOMBERG, individually and as )
Administrator of the Medical As- )
sistance Program, Illinois Depart- )
ment of Public Aid; the ILLINOIS )
DEPARTMENT OF PUBLIC AID, )
 )
 Defendants. )

## ORDER

A decree has been entered in the above-entitled action on July 10, 1979, _nunc pro tunc_ to July 5, 1979, requiring, _inter alia_, defendants to process MANG applications within federally established time limits. Defendants have not processed all such applications in accord with the requirements of that decree and plaintiffs have initiated additional proceedings to compel compliance with it.

WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. As used in this order the following terms have the meanings indicated:

EXHIBIT 4

-2-

(a) "IDPA" means the Illinois Department of Public Aid;

(b)(i) "IDPA delay" means any delay in decision on MANG applications beyond federally established time limits, except delays caused by a client or third party in response to a request for information. IDPA delay will be deemed not to have occurred if IDPA adheres to the following schedule of working days in processing the application: receipt to registration of application--5 days; receipt to request of any information--9 days; receipt of information to any request for additional information--4 days; receipt of all necessary information to sending notice of disposition--7 days. This schedule relates only to the determination of IDPA delay and does not place any requirements upon defendants as respect their processing of applications within federally established time limits.

(ii) The term "third party," as used in 1(b)(i) shall not be deemed to include the Social Security Administration ("SSA") in any case with respect to which that agency is making the disability determination which IDPA will use to determine MANG eligibility, except for such cases with respect to which IDPA has contracted with SSA to make such determinations.

(c) "Covered Medical Services" means those services provided under the Illinois Title XIX Medical Assistance Program to recipients of MANG. Non-generic equivalents of drugs in IDPA's drug formulary shall be considered covered medical services.

(d) "Federally-established time limits" will mean 45 days from the date of the filing of a Medicaid application by aged and blind persons and families with dependent children, and 60 days from the date of filing of an application by disabled persons; provided, however, that if subsequent federal statutes or regulations change such time standards, this definition will be modified consistently with such changes, as will the time limits for the reports required by paragraph 2. Defendants will also be permitted to modify the notice required by paragraph 7 consistently with any such changes.

2. Defendants will supply plaintiffs' attorneys with the following reports no later than the first day of the second month following the calendar month which is the subject of the report:

  (a) number of MANG applications decided;

  (b) number of MANG applications decided within federally established time limits;

  (c) number of MANG applications decided after the federally established time limits due to IDPA delay;

  (d) number of MANG disabled applications pending over 75 days at the end of the month; how many of those applications were caused by IDPA delay; how many were not caused by IDPA delay;

  (e) the number of MANG non-disabled applications pending over 60 days at the end of the month; how many of those applications were caused by IDPA delay; how many were not caused by IDPA delay;

  (f) the number of MANG disabled applications decided during the month but pending (due to IDPA delay) for longer than 75 days when decided; and for each such case the number of days it had been pending when decided.

  (g) the number of MANG not-disabled applications decided during the month but pending due to IDPA delay for longer than 60 days when decided; and for each such case, the number of days it had been pending when decided;

  (h) the number of persons who received compensatory payments under paragraph 3(a) during the month;

  (i) the number of persons who received temporary medical assistance under paragraph 4(a) during the month;

  (j) the number of persons who received compensatory payment under paragraph 5 during the month.

Monthly reports shall be made for all MANG cases decided during April, 1980. The reports shall continue to be made for each month thereafter. After reports for eighteen (18) months have been furnished to plaintiffs' attorneys, the Court, on

-4-

defendants' motion, will decide upon the necessity of continued reporting. However, the reporting will continue, on a month-by-month basis, as required by paragraphs 2(a)-(j) until the Court enters an order to the contrary.

3. (a) For any month after June 30, 1980 in which the paragraph 2 reports show that during a calendar month less than 96% of those MANG cases decided by IDPA were processed within federally established time limits, defendants will inform, by letter, every person who during that month, was found eligible (due to IDPA delay) after the date required by federally established time limits that:

(i) such person is entitled to compensatory payment;

(ii) such payment will be equal to the amount that was paid for covered medical services by such person or on behalf of such person (except for payments or credits by the provider of services or any employee, officer, owner, or agency of such provider) between the date by which IDPA should have rendered an eligibility decision under the federally established time limits, and the date on which IDPA mailed to the applicant a notice of eligibility for covered medical services.

Defendants will mail such letter by the first day of the second calendar month following the month in which the application was approved. The letter will further inform the recipient of the necessity of the recipient obtaining proof of payment from the medical vendor and shall advise the recipient to show the letter to the vendor, if necessary, to assist in obtaining such proof of payment.

(b) Defendant will also notify all applicants for medical assistance approved beyond the federally established time limits before July 1, 1980 and after July 10, 1979 that they may be entitled to a compensatory payment in the amount paid by such person or on behalf of such person (except for payments or credits by the provider of services or any employee, officer, owner or agent of such provider) for covered medical services between the date by which IDPA should have rendered an eligibility decision under federally mandated time limits and the date on which IDPA mailed to the recipient the notice of eligibility for medical services.

(c) Defendants will reimburse any person notified pursuant to 3(a) or 3(b) who presents satisfactory proof of payment for covered medical services, the amount that person paid for such services.

(d) Nothing in this section shall be construed to require any such compensatory payments for uncovered services, for services for which satisfactory proof of payment is not presented, for services rendered prior to the date of application, or for persons whose applications were delayed beyond the federally established time limits, but for reasons other than IDPA delay.

4. (a) Beginning no later than July 1, 1980, defendants will provide to all persons whose applications for MANG are pending at least 15 days over federally established time limits due to IDPA delay and who have made a request pursuant to subparagraph (b) a document which entitled them to receive the full range of benefits provided by the MANG program during the remaining period during which their applications are pending.

-6-

The document may restrict provision of benefits to services by one or more providers the applicant specifies, except that reimbursement for emergency services will not be restricted. If a document is restricted, defendants will change or add authorized providers forthwith if the applicant so requests. Such medical assistance shall automatically terminate when the applicant receives either a notice of denial or a medical eligibility card.

(b) Not less than seven days before an applicant is entitled to receive a document as described in subparagraph 4(a), defendants will inform the applicant of the right to receive the document and the procedure required to obtain it. Applicants (covered under paragraph 4(a)) who request such a document must be provided one. Defendants will provide any successor documents without any gap in the authorization of services and without requiring the applicant to make any further request.

5. Defendants will authorize billing for a resident of a group care facility within 10 days of approval of the resident's application, or of receipt of a DPA 184-C (or successor form necessary for computing the point count and billing rate), whichever comes later. In any case in which such timely notice of authorization to bill is not sent, defendants will make a compensatory payment in the amount that was paid by the resident or on behalf of the resident (except for payments or credits made by the provider or any employee, officer, owner or agent of the provider) for covered medical services between the date by which IDPA should have issued an authorization to bill and the date on which IDPA issues an authorization to bill. Defendants will make such payments only

upon presentation of satisfactory proof of payments and only for covered medical services received after the date of application.

6. For the convenience of the applicant, defendants will furnish application forms to nursing homes participating in the Medical Assistance Program in bulk upon the nursing home's request. Defendants further will send any applicant, or person assisting an applicant, an application form by first class mail, if they are requested to do so. Should the defendants decide to cease supplying such forms in bulk to one or more nursing homes, defendants will notify plaintiffs' attorneys 30 days in advance of implementing such decision and will state the reasons therefor. Should the plaintiffs disagree with such decision, they may move for a court declaration of whether the cessation is reasonable. The cessation shall be deemed to be reasonable only if defendants establish that their stated reasons for cessation are substantially related to the achievement of legitimate IDPA objectives involving the efficiency or integrity of public assistance programs or their administration.

7. Defendants will provide MANG applicants with the following notice, not later than July 1, 1980.

    1. How Soon Should You Find Out If Your Medical Assistance Pllication Was Approved? What are the time limits?

       Within 45 days of the date you applied, unless you are applying on the basis of disability, in which case the decision must be made within 60 days.

    2. What If the Department Doesn't Decide If You Are Eligible For Medical Assistance Wihin These Time Limits?

       If the Department makes a decision on your application after these time limits, the

Department [...] to pay you back for bills you paid after the time limits because of the Department's delay. Save a copy of any bills paid after these time limits. The Department will send you a bill [if you] are eligible for being paid back under this provision.

3. What Do You Get If Your Application is Approved?

If your application is approved, the Department will pay bills for services it covers for all the time you are eligible. This can include up to three months prior to the month in which you apply and the time you are awaiting a decision after you apply. You should, if possible, not pay your medical bills until you learn if you are eligible for medical assistance so that the Department can pay them.

8. The next time the DPA form 267b is reprinted, the paragraph below the case name and address ("the items...indicated date") will be modified to read as follows:

"The items checked below must be returned to this office by _____ so that your application can be processed and a decision reached as to your eligibility. If you need more time or help in getting the information, notify the caseworker whose name is on this notice before the date shown above. If you can get information to the Department more quickly, you should do so because that will help us to act on the application more quickly."

Enter:

Dated

_____
United States District Judge