# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SAM COHEN, by his next friend SIDNEY COHEN, )
on behalf of himself and all others similarly situated, )
)
              Plaintiffs, )
) No. 79 C 2447
   v. )
)
JEFFREY MILLER, individually and as Director of )
the Illinois Department of Public Aid; PETER )
BLOOMBERG, individually and as Administrator of )
the Medical Assistance Program, Illinois Department )
of Public Aid; the ILLINOIS DEPARTMENT OF )
PUBLIC AID, )
)
             Defendants. )
)

## DECLARATION OF TANYA GASSENHEIMER

I, TANYA GASSENHEIMER, after being duly sworn on oath, state that I have personal knowledge of the facts contained in this declaration and, if I were sworn as a witness, I could competently testify to the following:

1. I am the Youth Health Attorney at the Chicago Coalition for the Homeless.

2. I assist homeless youth in applying for Medicaid.

3. If such a youth has any issue with a Medicaid account, I file appeals on his/her behalf.

4. I have represented such youth before the Department of Human Services ("DHS") based on Medicaid appeals.

5. I had a youth client, Client A, who applied for Medicaid on October 2, 2017. I met Client A at a drop-in center in January 2018, and no action had been taken on Client A's case.

6. Client A, who qualified for emergency benefits, was experiencing suicidal ideation and wanted to admit herself voluntarily into a psychiatric facility but was not doing so, because she did not want to be transferred to a state facility due to lack of Medicaid coverage.

7. I filed an appeal on behalf of Client A on January 11, 2018, and the hearing was not scheduled until March 8, 2018.

8. Keeping Client A alive during this extensive delay required significant amounts of safety planning and case management by other service providers and me, but this dangerous and inexcusable situation could have been avoided had DHS responded timely.

9. At the hearing referenced in Paragraph 7 on March 8, 2018, the hearing officer at first could not find any record of Client A's application. The hearing officer searched again and found the application; there had been a mix-up when Client A's DHS account had been transferred from a different office many months prior.

10. At the hearing referenced in Paragraphs 7 and 9 on March 8, 2018, the hearing officer stated to me that that office, the Humboldt Park Family Community Resource Center ("FCRC"), was up to September 10, 2017 in processing Medicaid applications and October 2017 in processing Supplemental Nutrition Assistance Program ("SNAP") applications.

11. I had another client, a young, homeless, disabled woman, Client B, who was kicked off of her Medicaid coverage when she turned 19 due to the need to switch over from AllKids to ACA Adult. Client B, however, was never notified of the need to make a change to her account, so she was just stripped of coverage and did not understand why. It was only when I appealed the issue on her behalf were we able to resolve the issue and get her covered.

12. Client C applied for Medicaid November 8, 2017. Client C continually went to the Northwest FCRC almost daily to follow up on her application. She was not allowed to apply again because of the November 8, 2017 application.

13. Client C had medical bills outstanding from the three months prior to November 2017 and was very anxious about having her Medicaid approved.

14. On January 10, 2018, I checked the Application for Benefits Eligibility ("ABE") online portal for Client C, and her Medicaid was listed as "terminated," but there were no notices on the portal to explain why her Medicaid was so listed.

15. On January 10, 2018, I filed an appeal for Client C. The appeal hearing was not scheduled until February 13, 2018, and the hearing was scheduled in a different FCRC from the one where Client C had applied.

16. On February 7, 2018, I made many calls to the Bureau of Appeal Hearings ("BAH") to change the location of the hearing for Client C but was not able to get through to speak with anyone.

17. Also on February 7, 2017, I emailed the BAH to request a change of hearing location for Client C's hearing but never received a response.

18. A DHS hearing officer stated to me that he had had a similar issue. A hearing was scheduled before him, but the case had been handled at a different FCRC. He had attempted to have the hearing location changed, but the BAH would not allow him to make that change. He was therefore unable to access any of the relevant documents at the hearing.

2

19. Scheduling hearings at different FCRCs from a client's local office creates an additional barrier to clients, especially those experiencing homelessness, who depend on benefits like Medicaid. These clients are now being required to attend hearings in locations even more inaccessible than their assigned local office and not at all near their geographical whereabouts.

20. Multiple days leading up to February 13, 2018, I checked the ABE online system for Client C, and each time, the system indicated that it had last been updated on November 17, 2017.

21. At the hearing on February 13, 2018, Client C was finally approved for Medicaid from her November 8, 2017 application.

22. Another client, Client D, applied for Medicaid on December 13, 2017 and has still not received any notice regarding that application. I have filed an appeal on Client D's behalf for inaction on the Medicaid application.

23. Client E applied for Medicaid January 26, 2018, and has to the present not received any decision. I am in the process of filing an appeal on Client E's behalf.

24. Since October 2017, 90% of my office's clients who have applied for SNAP and/or Medicaid have failed to receive a timely decision within 45 days.

25. For every unprocessed application referenced in Paragraph 24, my office has filed appeals, and in not one such appeal did DHS schedule a pre-hearing conference within the 10-day timeframe mandated by DHS' Policy Manual.

26. At various hearings at FCRCs, I have had hearing officers state to me that documents have been lost since the online system overhaul in October 2017. The hearing officers go into the system to access documents only to find empty files.

27. None of the clients referenced herein was offered or received a temporary Medicaid card.

28. These issues are inexcusable, and my clients are having to go without basic needs of survival like healthcare because of DHS' failings.

FURTHER AFFIANT/DECLARANT SAYETH NOT.

_/s/_

VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that (s)he verily believes the same to be true.

_/s/_
Dated: May 4, 2018

3