# EXHIBIT G

5/3/2018    Case: 1:79-cv-02447 Document #: 318-7 Filed: 05/16/18 Page 2 of 5 PageID #:54    DHS WAG 17-03-03: Medical Applications

James T. Dimas, Secretary

# WAG 17-03-03: Medical Applications

[PM 17-03-03.](#)

[Determining Department Delay - Family Health Plans or AABD Medical (A or B)](#)
[Determining Department Delay - AABD Medical (D) or P3 Benefits](#)
[Temporary Medical Assistance](#)
[Canceling Temporary Medical Assistance](#)
   [Disposition on Original Application](#)
   [Applicant Dies](#)
[Authorization of Payment for LTC and SLP Medical Benefits](#)

When a disposition cannot be made by the end of the 45th day (AABD Medical A or B, or Family Health Plans), or by the end of the 60th day (AABD Medical D or P3 benefits), following the date of application, determine if DHS or HFS caused the delay.

DHS or HFS delay occurs when:

- the pending application exceeds the time standard for making a disposition (45 days or 60 days), and
- the FCRC or the Central All Kids Unit has not met the processing schedule in the Cohen vs. Quern court order (see **WAG 25-02-08**).

The **Cohen schedule** requires that upon receipt of an application the FCRC or Central All Kids Unit must:

- register the application by the end of the **5th workday**;
- if additional information is needed, give the applicant Instructions to Applicant (Form 267) by the end of the **9th workday**;
- if necessary, issue a 2nd Form 267 **within 4 workdays** from the date the information requested on the first Form 267 is received; and
- make a decision and send the central Form 360C or Notice of Decision on Application for Medical Assistance (Form 458) **within 7 workdays**. The first day of this 7-day period is the day following the day that all the needed information is received in the FCRC or Central All Kids Unit.

**NOTE:** Day one of the application process is the calendar day following the date of receipt of the application.

If each step in the **Cohen schedule** is not followed, any delay in the disposition that exceeds the time limits is a Department delay.

## Determining Department Delay - Family Health Plans or AABD Medical (A or B)

1. **(Intake)** On the **44th day** of the application process, if a disposition cannot be made, review the case file to determine if all eligibility factors have been verified.

    **NOTE:** If the 44th day is a non-workday, review the case file on the first workday before the 44th day.

2. **(Intake)** Based on the review findings, take one of the following actions:
    a. When the review shows the delay was **not caused by the Department**, continue to process the application until a disposition is made.

        **NOTE:** If the Department has all the information needed to determine eligibility, but does not do so within **7 workdays** of the date of receipt of the final information, **the delay becomes the Department's fault**. The delay is the Department's fault even though it was not at the time of the review.

    b. If the review shows the delay **was caused by the Department** and the application cannot be disposed of on that day, set up a control for the **54th day** of the application process.

3. **(Intake)** On the **54th day**, if a disposition has not been made, complete Notice of Possible Temporary Medical Assistance (Form 2350) in duplicate. Send the original to the applicant. Retain the copy for the case record.

    Form 2350 notifies the applicant of the delay and informs them of possible entitlement to temporary medical assistance.

## Determining Department Delay - AABD Medical (D) or P3 Benefits

1. **(Intake)** On the **59th day** of the application process, if disposition cannot be made, review the case record to determine if:
   - the Department's Client Assessment Unit (CAU) has been requested to make a determination of disability, and
   - all other eligibility factors have been verified.

   If the results of the disability determination have not been received by the 59th day, phone CAU.

   **NOTE:** If the 59th day is a non-workday review the case file on the first workday before the 59th day.

2. **(Intake)** Based on the review findings take one of the following actions:
   a. When the review shows the delay was **not caused by the Department**, continue to process the application until a disposition is made.

      **NOTE:** If the Department has all the information needed to determine eligibility, but does not do so within **7 workdays** of the date of receipt of the final information, **the delay becomes the Department's fault.** The delay is the Department's fault even though it was not at the time of the review.

   b. If the review shows the delay **was caused by the Department** and the application cannot be disposed of on that day, set up a control for the **69th day** of the application process. The control is to send Form 2350 on the 69th day.

3. **(Intake)** On the **69th day**, if a disposition has not been made, complete Form 2350 in duplicate. Send the original to the applicant. Retain the copy for the case record.

   Form 2350 notifies the applicant of the delay and informs them of possible entitlement to temporary medical assistance.

## Temporary Medical Assistance

To receive temporary medical assistance, the applicant must request it from the FCRC. The request can be made in person, in writing, or by telephone. Temporary medical can be requested any time after the Form 2350 is issued, and while the application is in pending status. A person may be entitled to temporary medical regardless of the amount of income or assets. Spenddown policy does not apply to temporary medical.

**NOTE:** LOA or designee approval must be received **before** registering and authorizing temporary medical assistance.

**NOTE:** To authorize temporary medical benefits for a person applying for P3 benefits, re-register the Category 03 application as Category 93.

1. **(Applicant)** Requests temporary medical after receiving Form 2350. The applicant **does not have to complete another application** for temporary medical.
2. **(Intake)** Obtain LOA or designee approval to register and approve the temporary medical application.
3. **(Intake)** Register an application for temporary medical by completing a blank HFS 552 as follows:

   **NOTE:** A temporary medical case cannot be registered via AIS.

   **Item 1** -Enter the complete case ID number. The first character of the 6-position basic number is always the letter T. For example, T12345.

   **Item 2** -Enter the 6-digit date (month, day, and year) the FCRC received the applicant's request for temporary medical assistance.

   **Item 3** -Enter TA 01.

   **Items 5, 6, 8-10** - Complete.

   **REMARKS** -Enter the case ID number of the pending regular Medical case. This is the number of the pending application that has exceeded the disposition time limit.

4. Authorize temporary medical benefits by completing a blank Form 552 (see **WAG 25-08-02-b** for AABD or **WAG 25-08-01-b** for Family Health Plans) with the following exceptions:

   **NOTE:** Temporary medical benefits cannot be approved via AIS.

   **Item 2** -Enter the current processing month.

   **Item 3** -Enter TA 11.

   **Item 33** -Enter TAR 97.

   **Item 77** -The beginning medical eligibility date is computed centrally. It is always the 16th day following the expiration of the disposition time limit. Do not enter this date in Item 77.

**Item 90** - To avoid inappropriate PAL selections, enter all known nonexempt income in Item 90, but do not apply the income when authorizing temporary medical benefits.

**REMARKS** -Enter the case ID number of the pending regular Medical case. This is the number of the pending application that has exceeded the disposition time limit.

Do not enter any Spenddown codes on temporary medical cases.

If the client applied for Medical **and** Food Stamps, authorize Food Stamps, if eligible, by completing the necessary Food Stamp items on the Form 552 used for the temporary medical approval.

**NOTE:** The applicant does not receive a notice of approval, or cancellation of temporary medical.

5. **(System)** Issues the MediPlan Card (Form 469) in the same manner as for regular Medical approvals.

    The beginning date of temporary medical benefits is always the 16th calendar day after the end of the 45 or 60-day disposition time limit. The initial card expires on the last day of the calendar month before the first regular monthly medical card is centrally issued. Regular monthly cards are centrally issued until a final disposition is made.

    For approvals and denials, the last date of temporary medical benefits is the last day of the month before the current processing month. **Temporary medical can only be authorized to cover medical services provided through this date.**

6. **(Intake)** Continue to process the pending overdue medical application in an effort to make a disposition as soon as possible.

7. **(Applicant)** If the applicant reports a medical need before the expected receipt of the first centrally issued MediPlan Card, issue a Temporary MediPlan Card (Form 1411) (see **WAG 26-05-01**).

    Do **not** issue the Form 1411 to cover any period of time before the 16th day after the end of the disposition time limit (61st or 76th day). The 16th day is always the beginning medical eligibility date for temporary medical.

## Canceling Temporary Medical Assistance

A temporary medical case is canceled when a decision is made on the original medical application, or the applicant dies.

## Disposition on Original Application

When the pending medical application is approved or denied and a temporary medical case is active, enter the temporary medical case ID number in "Remarks" on the Form 552 for the disposition action. Entry of the temporary medical ID number in "Remarks" centrally cancels the temporary medical case. **No other action is needed.**

To ensure cancellation, see **WAG 17-04-02** for medical denials, or see **WAG 17-02-04** for approval of medical.

When an application is approved, apply income and assets, as appropriate, to any period prior to the begin date and after the last date of temporary medical benefits. If the temporary medical period includes a partial month, apply income and assets to the period prior to the begin date of temporary medical benefits.

If food stamps were authorized on the temporary medical case, they also cancel centrally. Authorize food stamps, if eligible, on the pending medical case or as an FS Only case.

A Form 552 is produced for the canceled temporary medical case showing the following items:

**Item 3** -TA 22

**Item 33** -Contains one of the following TARs:

98 -Automatic Cancellation, MANG Application Approved

99 -Automatic Cancellation, MANG Application Denied

## Applicant Dies

Upon the death of the client, cancel the temporary medical case entering the following items on Form 552:

**Item 3** -Enter TA 22.

**Item 33** -Enter TAR 00.

**Item 41** -Enter the date of death.

## Authorization of Payment for LTC and SLP Medical Benefits

➡ Authorize medical coverage using the same process as for community cases. Do not authorize LTC coverage for nursing home or Supportive Living Program (SLP) waiver services. Do not process an admission in the LTC subsystem.

Only if the application is approved, complete ➡ the admit into the LTC subsystem for the case. Apply the available income, resources, and any penalty period.