IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| SAM COHEN, by his next friend SIDNEY COHEN, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | No. 79 C 2447 |
| v. | ) ) | |
| JEFFREY MILLER, individually and as Director of the Illinois Department of Public Aid; PETER BLOOMBERG, individually and as Administrator of the Medical Assistance Program, Illinois Department of Public Aid; the ILLINOIS DEPARTMENT OF PUBLIC AID, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**[PROPOSED] ORDER GRANTING MOTION TO ENFORCE CONSENT DECREE**

Coming before the Court for hearing is Plaintiffs' Motion to Enforce Consent Decree. After considering the record and the submissions and arguments of the parties, the Court finds, concludes, and hereby orders as follows:

**I. The Consent Decree.**

The Consent Decree entered to resolve Count I of the instant action, known as *Cohen I*, remains in full force and effect. For convenience, the Court reproduces below its requirements necessary for a full understanding of this Order. Where appropriate, the Illinois Department Human Services (DHS) has been substituted for the Illinois Department of Public Aid (IPDA) based on the name change of that agency. The time limits in the applicable federal regulations have been updated to the current time limits.

*1. As used in this order the following terms have the meanings indicated:*
*(a) "DHS" means the Illinois Department of Human Services;*

*(b)(i)    "DHS delay" means any delay in decisions on MANG applications beyond federally established time limits, except delays caused by a client or third party in response*

*to a request for more information. DHS delay will be deemed not to have occurred if DHS adheres to the following schedule of working days in processing the application: receipt to registration of application – 5 days; receipt to request of any information – 9 days; receipt of information to any request for additional information – 4 days; receipt of all necessary information to sending notice of disposition – 7 days. This schedule relates only to the determination of DHS delay and does not place any requirements upon defendants as respect to their processing of applications within federally established time limits.*

*(ii) The term "third party," as used in 1(b) (i) shall not be deemed to include the Social Security Administration ("SSA") in any case with respect to which that agency is making the disability determination which DHS will use to determine MANG eligibility, except for such cases with respect to which DHS has contracted with SSA to make such determinations.*

*(c) "Covered Medical Services" means those services provided under the Illinois Title XIX Medical Assistance Program to recipients of MANG. Non-generic equivalents of drugs in DHS's drug formulary shall be considered covered medical services.*

*(d) "Federally-established time limits" will mean 45 days from the date of the filing of a Medicaid application by aged and blind persons and families with dependent children, and 90 days from the date of filing of an application by disabled persons; provided, however, that if subsequent federal statutes or regulations change such time standards, this definition will be modified consistently with such changes, as will the time limits for the reports required by paragraph 2. Defendants will also be permitted to modify the notice required by paragraph 7 consistently with any such changes.*

*2. Defendants will supply plaintiffs' attorneys with the following reports no later than the first day of the second month following the calendar month which is the subject of the report:*

*(a) number of MANG applications decided;*

*(b) number of MANG applications decided within federally established time limits;*

*(c) number of MANG applications decided after the federally established time limits due to DHS delay;*

*(d) number of MANG disabled applications pending over 105 days at the end of the month; how many of those applications were caused by DHS delay; how many were not caused by DHS delay;*

*(e) the number of MANG non-disabled applications pending over 60 days at the end of the month; how many of those applications were caused by DHS delay; how many were not caused by DHS delay;*

*(f) the number of MANG disabled applications decided during the month but pending (due to DHS delay) for longer than 105 days when decided; and for each such case the number of days it had been pending when decided;*

*(g) the number of MANG non-disabled applications decided during the month but pending (due to DHS delay) for longer than 60 days when decided; and for each such case the number of days it had been pending when decided;*

*(h) the number of persons who received compensatory payments under paragraph 3(a) during the month;*

*(i) the number of persons who received temporary medical assistance under paragraph 4(a) during the month;*

*(j) the number of persons who received compensatory payment under paragraph 5 during the month.*

*Monthly reports shall be made for all MANG cases decided during April, 1980. The reports shall continue to be made for each month thereafter. After reports for eighteen (18) months have been furnished to the plaintiffs' attorneys, the Court, on defendants' motion, will decide upon the necessity of continued reporting. However, the reporting will continue, on a month-by-month basis, as required by paragraphs 2(a)-(j) until the Court enters an order to the contrary.*

*3. (a) For any month after June 30, 1980 in which the paragraph 2 reports show that during a calendar month less than 96% of those MANG cases decided by DHS were processed within federally established time limits, defendants will inform, by letter, every person who during that month, was found eligible (due to DHS delay) after the date required by federally established time limits that:*

*(i) such person is entitled to compensatory payment;*

*(ii) such payment will be equal to the amount that was paid for covered medical services by such person or on behalf of such person (except for payments or credits by the provider of services or any employee, officer, owner, or agent of such provider) between the date by which the DHS should have rendered an eligibility decision under the federally established time limits, and the date on which DHS mailed to the applicant notice of eligibility for covered medical services.*

3

*Defendants will mail such letter by the first day of the second calendar month following the month in which the application was approved. The letter will further inform the recipient of the necessity of the recipient obtaining proof of payment from the medical vendor and shall advise the recipient to show the letter to the vendor, if necessary, to assist in obtaining such proof of payment.*

*(b) Defendant will also notify all applicants for medical assistance approved beyond the federally established time limits before June 1, 1980 and after July 10, 1979 that they may be entitled to a compensatory payment in the amount paid by such person or on behalf of such person (except for payments or credits by the provider of services or any employee, officer, owner, or agent of such provider) for covered medical services between the date by which DHS should have rendered an eligibility decision under federally mandated time limits and the date on which DHS mailed to the recipient the notice of eligibility for medical services.*

*(c) Defendants will reimburse any person notified pursuant to 3(a) or 3(b) who presents satisfactory proof of payment for covered medical services, the amount that person paid for such services.*

*(d) Nothing in this section shall be construed to require any such compensatory payments for uncovered services, for services for which satisfactory proof of payment is not presented, for services rendered prior to the date of application, or for persons whose applications were delayed beyond the federally established time limits, but for reasons other than DHS delay.*

*4. (a) Beginning not later than July 1, 1980, defendants will provide to all persons whose applications for MANG are pending at least 15 days over federally established time limits due to DHS delay and who have made a request pursuant to subparagraph (b) a document which entitled them to receive the full range of benefits provided by the MANG program during the remaining period during which their applications are pending.*

*The document may restrict provision of benefits to services by one or more providers that applicant specifies, except that reimbursement for emergency services will not be restricted. If a document is restricted, defendants will change or add authorized providers forthwith if the applicant so requests. Such medical assistance shall automatically terminate when the applicant receives either a notice of denial or a medical eligibility card.*

4

*(b) Not less than seven days before an applicant is entitled to receive a document as described in subparagraph 4(a), defendants will inform the applicant of the right to receive the document and the procedure required to obtain it. Applicants (covered under paragraph 4(a)) who request such a document must be provided one. Defendants will provide any successor documents without any gap in the authorization of services and without requiring the applicant to make any further request.*

*5. Defendants will authorize billing for a resident of a group care facility within 10 days of approval of resident's application, or of receipt of a DPA 184-C (or successor form necessary for computing the point count and billing rate), whichever comes later. In any case in which such timely notice of authorization to bill is not sent, defendants will make a compensatory payment in the amount that was paid by the resident or on behalf of the resident (except for payments or credits made by the provider or any employee, officer, owner, or agent of the provider) for covered medical services between the date by which DHS should have issued an authorization to bill and the date on which DHS issues an authorization to bill. Defendants will make such payments only upon presentation of satisfactory proof of payments and only for covered medical services received after the date of application.*

*6. For the convenience of the applicant, defendants will furnish application forms to nursing homes participating in the Medical Assistance Program in bulk upon the nursing home's request. Defendants further will send any applicant, or person assisting an applicant, an application form by first class mail, if they are requested to do so. Should the defendants decide to cease supplying such forms in bulk to one or more nursing homes, defendants will notify the plaintiffs' attorneys 30 days in advance or implementing such decision and will state the reasons therefor. Should the plaintiffs disagree with such decision, they may move for a court declaration of whether the cessation is reasonable. The cessation shall be deemed to be reasonable only if the defendants establish that their stated reasons for cessation are substantially related to the achievement of legitimate DHS objectives involving the efficiency or integrity of public assistance programs or their administration.*

*7. Defendants will provide MANG applicants with the following notice, not later than June 1, 2018.*

> *1. How Soon Should You Find Out If Your Medical Assistance Application Was Approved? What are the time limits?*
>
> *Within 45 days of the date you applied, unless you are applying on the basis of disability, in which case the decision must be made within 90 days.*
>
> *2. What If the Department Doesn't Decide If You Are Eligible For Medical Assistance Within These Time Limits?*
>
> *If the Department makes a decision on your application after these time limits, the Department will have to pay you back for bills you paid after the time limits because of the Department's delay. Save copies of any bills paid after the time limits. The Department will send you a notice that you are eligible for being paid back under this provision.*
>
> *3. What Do You Get If Your Application Is Approved?*
>
> *If your application is approved, the Department will pay bills for services it covers for all the time you are eligible. This can include up to three months prior to the month in which you apply and the time you are awaiting a decision after you apply. You should, if possible, <u>not</u> pay your medical bills until you learn if you are eligible for medical assistance so that the Department can pay them.*

8. The next time the DPA form 267b is reprinted, the paragraph below the case name and address ("the items ... indicated date") will be modified to read as follows:

> *"The items checked below must be returned to this office by _____ so that your application can be processed and a decision reached as to you eligibility. If you need more time or help in getting the information, notify the caseworker whose name is on this notice before the date shown above. If you can get information to the Department more quickly, you should do so because that will help us to act on the application more quickly."*

******

## II. The Court Grants Plaintiffs' Motion.

Based on the record and the submissions and arguments of counsel, this Court finds Defendants are in violation of the terms of the Consent Decrees with regard to the issuance of Cohen Reports and Cohen Notices and directs Defendants, by August 1, 2018 to:

A. Within eight days after the expiration of the federally-imposed time limit for an individual's Medicaid application, issue a notice to that individual informing the individual that she or he is entitled to receive the full range of benefits provided under the Medicaid program pending a decision on the application;

6

    B. Issue monthly reports identifying the number of Notices Defendants have issued pursuant to paragraph II.A above;

    C. Upon an applicant's request, issue documents entitling an individual whose Medicaid application is past the federally-imposed timeline by fifteen days or more to the full range of benefits provided under the Medicaid program; and

    D. Issue the reports set forth in paragraph I.2 above.

In so ordering, the Court does not intend to imply that Defendants are in compliance with the other provisions of the Consent Decree and also reserves ruling on any other request for relief in Plaintiffs' Motion to Enforce, including, but not limited to, Plaintiffs' request for attorneys' fees.

IT IS SO ORDERED.


Dated: _____, 2018                      _____